**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE; JOHN DOE, through their Guardian ad Litem, Fernando Aguirre-Guerra,<br><br>              Plaintiffs - Appellants,<br><br>   v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>              Defendant - Appellee. | No. 09-16787<br><br>D.C. No. 3:08 cv-0457 LRH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted July 19, 2011**
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF,
District Judge.***

———————

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\*      The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Jane and John Doe, the United States citizen minor children of an alien subject to removal, brought suit challenging the constitutionality of 8 U.S.C. § 1229b(b)(1)(D), which requires an alien to establish "exceptional and extremely unusual hardship" to a U.S. citizen spouse, parent, or child to qualify for cancellation of removal. The district court concluded that it had jurisdiction and then dismissed the action on its merits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the district court lacked jurisdiction, and therefore remand with directions that the action be dismissed on that basis.

Plaintiffs' father was ordered removed from the United States. His application for cancellation of removal,[1] on the ground that his removal would cause exceptional and extremely unusual hardship on his U.S. citizen minor children, was denied. Subsequently, Plaintiffs filed suit, alleging that the "exceptional and extremely unusual hardship" standard of 8 U.S.C. § 1229b(b)(1)(D) infringes on their "fundamental right . . . to live with their father in the United States." The district court granted the government's motion to

---

[1] The Attorney General, at his discretion, may cancel the removal of a deportable alien if the alien, among other things, "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1).

dismiss the complaint for failure to state a claim for which relief may be granted, and  entered judgment dismissing the action on that basis.

We review de novo whether there is subject matter jurisdiction.  *Atwood v. Fort Peck Tribal Court Assiniboine & Sioux Tribes*, 513 F.3d 943, 946 (9th Cir. 2008).  We also review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6).  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  A dismissal may be affirmed on any proper ground supported by the record.  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).

The district court erred in exercising jurisdiction over Plaintiffs' claims.  The REAL ID Act, 8 U.S.C. § 1252(b)(9), vests exclusive jurisdiction over claims "arising from" final orders of removal in the courts of appeals.  *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-83 (dubbing 8 U.S.C. § 1252(b)(9) a "zipper clause").  Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from* any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, *no court shall have jurisdiction . . . to review such an order or such questions of law or fact*.

3

8 U.S.C. § 1252(b)(9) (emphasis added). "Through this section, 'Congress made clear that review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding.'" *Singh v. Gonzales*, 499 F.3d 969, 976 (9th Cir. 2007) (quoting H.R. Rep. No. 109-72, at 173).

Here, by directly challenging the standard applied to their father's application for cancellation of removal, Plaintiffs seek review of a question of law arising from the action to remove their father.[2] They acknowledge that their father's removal is the sole motive for the suit and seek injunctive relief to prevent it. Critically, the constitutional issue raised by Plaintiffs could have been asserted by their father in his immigration proceedings, including in his petition for judicial review of his final order of removal. *E.g., Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (explaining that under the REAL ID Act, the courts of appeals have jurisdiction to review due process challenges to final orders of

---

[2]     A "final order of removal" "means the administrative order concluding that the alien is removable or ordering removal." *Galindo-Romero v. Holder*, 621 F.3d 924, 927 (9th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(47)(A)) (quotation marks and alterations omitted).

removal); 8 U.S.C. § 1252(a)(2)(D).[3] As such, the constitutionality of the "exceptional and extremely unusual hardship" standard is a "question of law" that "aris[es] from" the action to remove Plaintiffs' father. 8 U.S.C. § 1252(b)(9). The district court lacked subject matter jurisdiction. For this reason, the judgment of the district court dismissing Plaintiffs' action on the merits is vacated and the case is remanded to the district court with directions that the action be dismissed for lack of jurisdiction. No costs.

**VACATED and REMANDED.**

---

[3] Children of aliens do not have standing intervene in removal proceedings. *E.g. Agosto v. Boyd*, 443 F.2d 917 (9th Cir. 1971) (per curiam). Nevertheless, alien parents of U.S. citizen children can raise the constitutional claims of their children in removal proceedings. *See, e.g.*, *Urbano de Malaluan v. INS*, 577 F.2d 589, 594-95 (9th Cir. 1978).